45 So.2d 172

### BRIDGES v. STATE.

7 Div. 993.

Court of Appeals of Alabama.

Feb. 28, 1950.

Rehearing Stricken March 21, 1950.

E. W. Harmon, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction in the county court, where this prosecution originated, an appeal was taken to the circuit court where a jury was demanded and accorded.

In the circuit court the case was, by consent, tried upon the original affidavit which charged the defendant with the violation of the prohibition law, by having whiskey in his possession.

The evidence in the circuit court tended to show that the defendant was a taxicab driver and upon the occasion in question was stopped in his cab upon a street in the City of Anniston by two deputy sheriffs, each of whom testified that they found nearly a quart of whiskey in a bottle in his cab, and that the defendant admitted that it was his whiskey. The defendant testified in his own behalf, admitted he was driving the cab on the afternoon in question, when he was stopped by the two deputy sheriffs who found the bottle of whiskey on the front seat of the car hidden under a pair of overalls. The defendant denied however that he told the officers it was his whiskey, and stated he did not know who put the whiskey in his cab. The testimony of the deputy sheriffs and that of the defendant was in direct conflict, therefore there was no error in the action of the court in refusing to defendant the affirmative charge requested by him in writing.

There were a few other exceptions reserved to the rulings of the court, pend-

ing the trial, each of which has been examined and considered, and are wholly without semblance of merit.

The case, as stated, presented a question of fact for the jury to consider and determine. The jury were authorized to return their verdict of guilty, and the judgment of conviction from which this appeal was taken will stand affirmed, as no error appeared upon the trial of this case.

Affirmed.